J. F. BROTHERS v. MUNDELL, MUNZESHEIMER & Co.

(Case No. 1514.)

1. BILL OF EXCEPTIONS.— A bill of exceptions to the rejection of evidence offered, which fails to set forth the specific testimony rejected, but which recites that " the defendant offered evidence to prove actual and exemplary damages, to which plaintiff objected, because there was no allegation in defendant's answer to admit such evidence," is not sufficient. There being nothing to show what the rejected testimony was, the presumption must prevail that what was offered did not correspond with the allegations in the pleading.

2. CHATTEL MORTGAGES.— It was the intention of the act of April 22, 1879 (R. S., App., p. 15), to dispense with the registration in full of chattel mortgages, and to provide in lieu of it for the deposit with the clerk of the original mortgage itself, or a true copy of it, there to be kept for the inspection of the parties interested, and to have a minute of the mortgage entered in a book, so that it might be perceived what were its contents, date of filing, etc.

3. FILING OF CHATTEL MORTGAGE.— An indorsement on a chattel mortgage by the county clerk, that it had been *"filed for record"* on a certain day, and that it had been recorded in a book for the registry of deeds, properly certified, is not evidence of such a deposit and filing of the mortgage as is required by the act of April 27, 1879. R. S., App., p. 15. Such an instrument is not admissible in evidence as against creditors of the mortgagor, and as against creditors and as against subsequent purchasers and mortgagees in good faith, and as to them is void.

4. CONSTRUCTION OF STATUTES.— When the statute of another state is adopted in Texas, the presumption must prevail that the legislature intended to adopt with it the settled construction given to it by the courts of the state from which it was borrowed.

5. CHATTEL MORTGAGE.— When possession of property described in a chattel mortgage remains with the mortgagor, and the instrument is not filed as required by the statute, the mortgage is absolutely void as to creditors of the mortgagor, no matter whether they had actual notice of the mortgage or not, and without regard to whether they were creditors in good faith.

APPEAL from Cass.    Tried below before the Hon. B. T. Estes.

On the 31st of December, 1881, Mundell, Munzesheimer & Co. filed their petition in the district court of Cass county, upon an open account against John F. Brothers, in which they claimed that there was due them the sum of $615.63, for goods sold to defendant. On the same day plaintiff filed his affidavit and bond for a writ of attachment against Brothers, which was issued, and in January, 1882, was levied on a stock of goods of John F. Brothers. On the 23d January, 1882, Henry Dennis, the intervenor, filed his original petition against John F. Brothers upon a note made by John F. Brothers on the 10th of January, 1881, to him, for the sum of $2,960, borrowed money, the same bearing a credit of $586.44. Dennis also filed a mortgage attached to his petition, under which he claimed a lien upon the goods attached to secure the payment of his note. Dennis prayed for a writ of sequestration for the goods, for a foreclosure of his deed of trust and for judgment and for sale of goods, etc. At the February term Henry Dennis obtained judgment against Brothers for the amount claimed in his petition, with a foreclosure of his mortgage and order of sale of the stock of goods in question. In March, 1882, the goods were sold by the sheriff under that order, and Dennis bought them. The amount bid was appropriated to the payment of the debt of Dennis and the satisfaction of his mortgage. On the 5th day of September, 1882, Dennis filed his plea of intervention in this suit. On the 12th day of September, 1883, the cause came on for trial, and after the pleadings of the respective parties were presented and the evidence of plaintiff and

defendant heard, the intervenor offered his mortgage, his judgment against Brothers, and order of sale, with return of sheriff showing the sale of the goods and purchase by intervenor; when plaintiff objected to the reading of the record for the reason that the chattel mortgage had not been recorded as required by law for the recording of chattel·mortgages, but that the same had been recorded in the record book for deeds. The objection was sustained, and the mortgage, judgment and order of sale, with sheriff's return thereon, were excluded. Judgment rendered by the court for plaintiff against defendant for amount of plaintiff's claim.

*J. H. Henderson*, for appellant, .cited: Culbertson *v.* Cabeen, 29 Tex., 255; 46 Tex., 35; 57 Tex., 48, 152; 55 Tex., 308; 4 Tex., 42; 2 Greenleaf on Ev., 367.

*Todd & Hudgins*, for appellee, cited: Rev. Stat., App., pp. 15, 16; Peiser *v.* Peticolas, 50 Tex., 638; Robinson *v.* Elliott, 22 Wall., 513; Jones on Ch. Mort., §§ 263, 264, 266, 268, 279, 314–318; Carter *v.* Carter, 36 Tex., 693; Meyberg *v.* Steagall, 51 Tex., 351; Pool *v.* Sanford, 52 Tex., 621; Rodrigues *v.* Trevino, 54 Tex., 198; Ryan *v.* Goldfrank, 58 Tex., 356.

*O'Neil & Son*, for intervenor.

West, Associate Justice.— The errors assigned by the appellant. Brothers are not sufficient to require a reversal of the judgment below. The question as to whether or not he had, after arriving at full age, unconditionally affirmed the contract of purchase made with the appellees during his minority, was submitted to the jury upon conflicting testimony, and they having found this fact against Brothers, their verdict will not for this reason be disturbed.

The bill of exceptions taken to the ruling of the court rejecting the testimony as to damages offered by Brothers does not inform us what that testimony was, so that we can tell whether or not it conformed to his pleadings upon this subject. It merely says that "the defendant offered evidence to prove actual and exemplary damages, to which plaintiffs objected, because there were no allegations in defendant's answer sufficient to admit such evidence." The inference from this is that the proof offered did not correspond with the allegations made; and as the defendant has not informed us of the nature of his proof, we must presume that the court rejected it. for that reason. Without deciding as to whether or not any proof of

this character was admissible under his pleas, we do hold that the bill of exceptions points out no error whatever in the rejection of the evidence.

The intervenor's assignments of error involve some important questions under the act concerning chattel mortgages of April 22, 1879. R. S., App., p. 15.

He offered in evidence a mortgage upon the stock of goods in controversy made to him by the defendant previous to the levy of the attachment, which mortgage had been foreclosed by suit, and the intervenor had become the purchaser of the goods at the sheriff's sale made under the judgment rendered in the foreclosure proceedings. The plaintiff in this cause was not a party to those proceedings, and was not bound by the judgment rendered therein; and hence it became necessary for the intervenor to establish the validity of his mortgage in the present suit. This mortgage upon exception was ruled out by the court below, as were all the subsequent proceedings had in the foreclosure suit, and a bill of exceptions to the action of the court was saved by the intervenor. The reasons for the rejection of the mortgage, as we gather from the bill of exceptions and the points relied on by counsel in their briefs, were that neither the mortgage nor a copy of it had been deposited with and filed in the office of the county clerk as required by the first section of the act of April 22, 1879. It was also objected that the county clerk had not entered a minute of this instrument in the appropriate book as provided by the fourth section of the statute, but had recorded it at length in the book provided for the registration of deeds as was required by law previous to the adoption of the above statute. The mortgagor continued in possession of the goods from the date of the execution of the mortgage down to the date of levying the attachment.

It was the clear intention of the statute to do away with the registration in full of chattel mortgages, and to substitute instead of it the deposit with the clerk of the original mortgage itself or a true copy of it, there to be kept for the inspection of parties interested; and to have a minute of the mortgage entered in a book, so that it might be perceived at a glance what were its contents and provisions, date of filing, etc. As to what effect the failure of the clerk to make the proper entry in such book would have upon the rights of the parties to the mortgage when it was properly filed, we deem it unnecessary to decide in the case before us. The questions which we feel called upon to determine are: 1. Was the present mortgage deposited with and filed by the clerk as contemplated by the statute?

and 2. If not, was it admissible in evidence to show that the mortgagee held an interest in the property described in it?

The evidence of deposit and filing offered by the intervenor was the indorsement upon the original mortgage, and the certificate of the clerk attached to it, both of which were to the effect that the instrument had been *filed for record* upon a certain day; and the certificate contained the additional statement that it had been recorded in the record book of deeds.

Proof of the filing was not made by a certified copy as provided in the third section of the statute. Admitting that this method of proof is not exclusive of all others, what do the indorsement and certificate of the county clerk establish as to the deposit and filing of the mortgage? They show that it was filed with the clerk for the purpose of being recorded, and that in pursuance of such design it was actually and improperly spread at length upon a book not designed for the record of such an instrument. Such a registration, of course, gave the mortgage no force or effect whatever that it did not before possess, and a filing for such purpose was necessarily of no avail.

According to Bouvier, " A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." This custody may, however, be in certain cases prescribed by statute temporary in its nature. The nature of the custody depends in a great measure upon the terms of the law authorizing or requiring the deposit. In the class of temporary deposits are included such as were made under our statutes for the purpose of registration, or spreading a copy at length upon books provided for the purpose. When a deed or mortgage of land is filed for record with the county clerk, it is for the purpose of having it copied into his books and returned to the party depositing it, and not for the purpose of becoming a permanent record in his office. The books are the records of his office, not the instrument filed.

But when a chattel mortgage is committed to him it should be in the language of the statute for the purpose of being "kept there for the inspection of all persons interested." The paper itself forms the record of his office, and not the copy of it in any book whatever. If it is filed for any other purpose, for instance, for registration in the county books, or for use in a cause pending, or in a probate matter, the filing is of no avail to validate the instruments as to persons whom it would not otherwise affect. In neither case would a person examining for a chattel mortgage be likely to find it; and in the first-named case it could be taken from the files at the option

of the party depositing it.    One great object of the statute would be defeated, viz., a prevention of secrecy and imposition in the execution of such instruments and the transfers which they evidence, for there would be neither minute of the paper nor the paper itself for examination.

The indorsement of the clerk shows that this mortgage was filed *for record*, not for permanent deposit with him.    His certificate further proves that this was the purpose of the filing, for it was immediately carried out by being recorded in the book of deeds. And, in addition to all this, it was withdrawn by the mortgagee, and was in his possession when the case was tried, and might have been, so far as we know, from the date of its registration.    If it had been filed under the chattel mortgage act, and the clerk had failed to enter a minute of it in the proper book, but had copied it in full in an improper place, the mortgagee should at least have shown these facts in explanation of the indorsements, or supplemented them with some proof of the proper filing of the instrument.    The question then might have been raised as to whether or not he had lost his rights by a failure on the part of the clerk to perform his duty in docketing the mortgage.    But this is not a question of that kind.    On the contrary it is a question of whether or not the mortgagee himself has performed the duty required of him by law in depositing the instrument for the purposes prescribed by statute, and not for a purpose unauthorized in such cases.    The statute gives the mortgagor the right to retain possession of the property conveyed, free from the attachments and executions of his creditors, and to the mortgagee the benefit of his lien against creditors of his grantor, and purchasers from him, provided he complies with certain prescribed formalities; and whatever is incumbent upon them to perform must be done with at least some degree of exactness.    The law has not been followed by the parties to this instrument in matters of importance, and they have not taken steps which it was incumbent on them to take and not upon the clerk alone.

We do not think that under the cases presented by the bill of exceptions the mortgage was deposited with and filed by the clerk in manner and for the purposes prescribed by our statute, and the court did not err in so ruling upon the instrument.

2. Without such filing was the instrument admissible in evidence to show that the intervenor held an interest in the property?  If the instrument was void as to the plaintiffs, of course it was not evidence in the cause.    It is claimed that it was void because not deposited

and filed as required by the statute. The language of the statute is peculiar. It makes all such instruments, when not accompanied by an actual and continued change of possession of the property mortgaged, absolutely void *as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith.* This differs from the language used in the general registration act, applicable to all other instruments permitted or required to be recorded, including mortgages of land, and which applied also to chattel mortgages previous to the act of April 22, 1879. The general act says that the instruments for which it provides shall, when not filed for record, etc., *be void as to all creditors and subsequent purchasers for valuable consideration without notice.* Under such language it has been held that the words without notice apply to creditors as well as purchasers. They are all included in the same clause of the sentence, without any mark of punctuation to divide them. But in the chattel mortgage act the legislature has shown its intention that good faith shall be required only of purchasers, mortgagees, etc., of the original mortgagor; but in the case of creditors, the instrument shall be absolutely void as to them, no matter whether they acted in good faith or not in crediting the mortgagee or in seeking to enforce their debts against the mortgaged property.

This intention is evidenced by the change of expression and punctuation so clearly that it is not necessary to comment upon it. Besides, the first section of the act is almost in the exact language of similar statutes in many other states. Such, for instance, as New York, New Jersey, Ohio, Michigan, Nebraska, Minnesota and others; and in all those states, whenever the point has come under decision, it has always been held that good faith was not required of creditors in order to enable them to avoid a chattel mortgage, not filed and deposited as required by the act. Farmers' Loan & Trust Co. *v.* Hendrickson, 25 Barb., 484; Sayre *v.* Hewes, 32 N. J. Eq., 652, 656; People *v.* Bristol, 35 Mich., 32; Braley *v.* Byrnes, 25 Minn., 297.

In adopting the language of the statutes of other states it must be presumed that our legislature intended to adopt with it the well settled construction placed upon such language by the courts of those states. We therefore think that a chattel mortgage, when possession of the mortgaged property remains with the mortgagor, and the instrument is not filed as required by the statute, is absolutely void as to creditors of the mortgagor, whether or not they had actual notice of the execution of such mortgage, or were creditors in good faith of the maker of the instrument.

Had the plaintiffs been subsequent purchasers, or mortgagees under Brothers, the mortgage might have been admitted in evidence, to be of no avail, however, unless supplemented with proof of bad faith on their part in making such subsequent purchases or taking the subsequent liens. But as such proof could not have validated the instrument against attaching creditors, which the plaintiffs were, and the mortgage was void as to them whether they were such creditors in good faith or not, the mortgage was wholly inadmissible for any purpose whatever. And so of the subsequent proceedings in the foreclosure suit. The court therefore did not err in sustaining the objections to it, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered October 26, 1883.]