67  657
81  141
67  657
83  267
84   28
67  657
91  270
91  390
91  391

No. 5458.

## J. C. OVERSTREET *v.* E. R. MANNING ET AL.

1. BONA FIDE PURCHASER.—One who purchases at a voluntary sale from his debtor, and pays no money, but credits the amount of the consideration on a pre-existing debt, is not a bona fide purchaser for value—following former adjudications.

2. SAME.—The reason of this rule is, that the purchaser advances nothing on the faith of his purchase, and loses nothing if the apparent title of his vendor should prove worthless. Hence, an agreement to discharge a debt to a third party for which the purchaser is already liable as guarantor, or to assume the payment of a debt to a third party without the knowledge or assent of such third party, or to pay off a mortgage already existing on other property of the purchaser which he would be compelled to pay off to protect his title, is within the reason of the rule.

3. CASES REVIEWED.—Brothers v. Mundell, 60 Texas, 240, and Grace v. Wade, 45 Texas, 527, reviewed.

4. CHATTEL MORTGAGES.—By the word *creditors*, as used in the Act of February 5, 1840, which protected creditors and purchasers without notice against prior unrecorded conveyances and mortgages of property, was meant creditors who had acquired some character of lien on the property. Such is still the law. Whilst the statute as to chattel mortgages differs from the Act of 1840, in that it avoids these instruments as against creditors, whether with or without notice, it makes no change as to the character of the debt to be thus protected.

5. STATUTES CONSTRUED.—The language of the Act of February 5, 1840, and the Act regarding chattel mortgages being the same, and the latter act having been passed since the decision in Grace v. Wade, relating to the same subject matter, the word *creditors* as it occurs in the latter act must be regarded as having the same meaning that was applied to it in construing the former act.

6. CHATTEL MORTGAGE ACT.—One who has not acquired a lien by process of law, on chattels claimed under a prior unrecorded mortgage, is not a creditor within the meaning of the statute regarding chattel mortgages, and is not entitled to protection as such.

7. ADMISSIONS.—An admission of a grantor, to affect his grantee, must be made prior to the grant.

8. SAME.—In a suit involving a question of priority of liens, in which the respective claimants are co-defendants, the admissions of one as to a question of indebtedness between themselves, is competent, but not when it is introduced to affect the claim of the plaintiff who was not present, and whose rights are sought to be affected thereby.

APPEAL from Shackelford. Tried below before the Hon. T. B. Wheeler.

*L. W. Campbell* and *Fleming, Moore & Maloney*, for appellant: On their proposition that a general creditor having no prior lien, who buys property from his debtor by private conveyance without notice, the consideration being a pre-existing debt only and not advanced upon the faith of the purchase, is not a bona fide purchaser as against a prior unrecorded lien upon the same property, cited Watkins v. Edwards, 23 Texas, 443; Ayers v. Dupree, 27 Texas, 593; Bailey and Pond v. Tindall, 59 Texas, 540; McKamey v. Thorp, 61 Texas, 648; Chester v. Greer, 5 Humphreys, Tennessee, 26; Jones on Chattel Mortgages, section 245 and cases cited therein; Fitch v. Boyer, 51 Texas, 347; Crow v. Bank, 52 Texas, 362; Court of Appeals, Civil Cases, White & Willson, 1338; McGee v. Fitzer, 37 Texas, 27; Jones on Chattel Mortgages, sections 11, 12, 13, 45, 46, 65, 66.

On their proposition that the registration Acts were not in-

tended to apply to mortgages or sales of undivided interest in personal property, of which no exclusive possession could be given to the mortgagee or purchaser, they cited Revised Statutes, Appendix, 15; Burham v. Chandler, 15 Texas, 441; Winson v. McLellan, 2 Story, 500; Hilliard on Mortgages, section 12, page 452; Jones on Chattel Mortgages, section 45, note 1; Id., 210, 229, 278, note 2.

That the admissions of Watts were not evidence, they cited Stringfellow v. Montgomery, 57 Texas, 349; Watkins v. Edwards, 23 Texas, 443; Latham v. Pledger, 11 Texas, 445; Morrison v. Loftin, 44 Texas, 16; McCoy v. Crawford, 9 Texas, 356; Starkie's Evidence, ninth edition, 81, 82, 83, 84, 85, 86, 87, 88, 89, note 1; Wharton's Evidence, 265, 760, 820, 821.

On their proposition that the court erred in refusing to give charge number four, asked by plaintiff, which is in effect that if defendant Manning did, in consideration of prior indebtedness, take from defendant Watts a voluntary conveyance of the property in question by written deed or otherwise, then you are charged that these facts would render said Manning a purchaser and subject him to the law governing one who purchases property upon which there is a prior incumbrance, as given in charge number three above, and not a creditor, they cited Chattel Mortgage Act, Revised Statutes, Appendix, 15; McKamy v. Thorp, 61 Texas, 651; Spurlock v. Sullivan, 36 Texas, 516; Porter v. Green, 4 Iowa, 571; Seevers v. Delashmutt, 11 Iowa, 174; Jones on Mortgages, 458, 461; Jones on Chattel Mortgages, see Ibid, New York Chattel Mortgage Act and compare with ours.

*A. A. Clarke* and *J. L. L. McCall*, for appellees, on their proposition that a general creditor who purchases property without notice of prior liens, and who releases his debtor from any further liability by reason of such precedent debt, and who assumes new liabilities, such as the payment of liens on that or other property, is a bona fide purchaser, and his title is unaffected by prior liens of which he has no notice, cited Alstin v. Cundiff, 52 Texas, 464; McKamy v. Thorp, 61 Texas, 653; Greneaux v. Wheeler, 6 Texas, 515; Swift v. Tyson, 16 Peters, 1; Atkinson v. Brooks, 26 Vermont, 574; Jones on Chattel Mortgages, section 244; Blum v. Loggins, 53 Texas, 136.

On their proposition that a party in possession of personal property under a conveyance duly recorded, whose title is attacked and who is compelled by previous rulings of the court

to prove the consideration of his deed, is at liberty to put in evidence such of the acts and declarations of his vendor which constitute a part of the *res gestœ*, and all acts happening before or after the principal transaction having a direct relation thereto, they cited Horton v. Reynolds, 8 Texas, 284; Rector v. Hudson, 20 Texas, 234; Houston & Texas Central Railway Company v. Shafer, 54 Texas, 641; Goldman v. Blum, 58 Texas, 631; Traveler's Insurance Company v. Mosley, 8 Wallace, 397.

WILLIE, CHIEF JUSTICE. The appellant, Mrs. Overstreet, brought this suit against R. E. Watts, E. R. Manning, A. P. Root, and G. L. Price, to recover from Watts the amount due her from him on three promissory notes, and to foreclose a lien, given by Watts to secure these notes upon a flock of sheep, which, it was alleged, belonged to Watts, but to which the other defendants set up some kind of claim. Watts made no defense, and judgment was taken against him. Root and Price pleaded, claiming a half interest in the sheep, by purchase from Watts; and Manning set up a conveyance to him by Watts of the other half of said sheep, together with other property, in payment of a debt due Manning from Watts, and for the further consideration that Manning would assume and pay off two debts due from Watts to other persons, which were liens upon said property.

Manning averred the payment of one of those debts by himself, and the assumption of the other in a manner to make it a binding obligation upon him. The conveyance to Root and Price was alleged to have been made before the execution of the notes sued on; and the conveyance to Manning, subsequent to the date of said note, but without notice to Manning; and it was further averred that the lien of said notes had never been recorded. The plaintiff abandoned all right to recover against Root and Price, and the issues between herself and Manning were submitted to a jury, who found in favor of the latter, and she has appealed to this court from the judgment rendered upon that verdict.

The evidence made it apparent that the lien of the appellant was prior in date to the conveyance to Manning, but that it had never been recorded, and Manning had no notice whatever of its existence when he purchased the property. It was also shown that the consideration for the purchase was paid by the extinguishment of a debt claimed by Manning against Watts, and the assumption by Manning of debts due from Watts to other parties. One of these debts, a mortgage to one Hogan, was paid

after this suit was commenced. The other seems to have been an obligation by which Manning and J. C. Linch guaranteed a note executed by Watts to Mrs. Pressler previous to the purchase of the sheep by Manning from Watts.

Watts had been bookkeeper for Manning, and the latter upon examination of his balance sheet found that there was a deficit in the account of cash, merchandise, etc., on hand, and charged Watts with embezzlement of his property to the extent of eleven or twelve thousand dollars. Watts admitted that the books were against him, and showed him to be behind to about that extent, and offered to convey to Manning his entire property in satisfaction of the amount. The deed from Watts to Manning was accordingly made, and the former released from all indebtedness growing out of the supposed embezzlement. The plaintiff objected to proof of this indebtedness by the admissions of Watts, but the objection was overruled and the evidence received.

A number of errors are assigned, but the three principal questions are, first, is Manning protected against the plaintiff's unrecorded lien as a bona fide purchaser for value? Second, is he protected as a purchaser within the meaning of the chattel mortgage Act? Third, was it competent to prove an indebtedness from Watts to Manning by the admissions of the latter?

First. It is settled in this State that one who buys at a voluntary sale from his debtor and pays no money, but credits the amount of the consideration upon a pre-existing debt, is not a bona fide purchaser for value. (McKamy v. Thorp, 61 Texas, 648.)

Some distinction is sought to be drawn between the case cited and the one in hand, on the ground that here a release in full of the indebtedness was given; and a new consideration was paid in the assumption of debts due from Watts to other parties, and the subsequent payment of one of these debts. The principle upon which a purchaser who pays the purchase money in a pre-existing debt is not protected against secret claims and equities is, he does not advance anything on the faith of his purchase, and loses nothing if the apparent title of his vendor should prove worthless.

This principle can not of course be affected by the amount of the indebtedness canceled by the purchaser, if it is sufficient to repel any presumption of fraud. Whether a part or the whole of the debt is extinguished, the position of the creditor is not changed unless he parts with some valid security such as a mort-

gage, a judgment lien, or advances a new consideration or incurs new liabilities. Manning held no securities for the payment of Watts's debt, and in our opinion he incurred no new liabilities.

As to the Pressler debt, he was already liable for that as guarantor of the note. His assumption of the debt, if binding, would doubtless have caused a change of position in the parties bound by the note as to each other. Manning would have been liable to Watts, had the latter been compelled to pay the debt, whereas, but for the assumption, Watts would have been liable to Manning in case he had paid the note to Mrs. Pressler.

To change the liabilities of the parties in this respect, a valid contract, binding upon both parties, was necessary. This agreement, however, could have been avoided by Manning for fraud and failure of consideration; for Watts had already conveyed an interest in the property to another before selling to Manning, of which the latter was wholly ignorant. Watts had no new or other right against him, by reason of the assumption, which he could enforce at law.

Mrs. Pressler's right to hold him primarily liable was wholly dependent upon the agreement between Watts and Manning. She was no party to this agreement. It was necessary that it should be binding upon those who were parties to it in order to be enforced by her. She was in no better position by reason of the assumption than was Watts; and, deriving all her right to make Manning liable as maker of the note, and not guarantor through Watts, his right to do so having failed, she had none.

The appellee had therefore assumed no new liability to Mrs. Pressler, and his agreement as to her claim formed no valuable consideration for the purchase. The Hogan mortgage was no lien upon the sheep in controversy, but upon a tract of land. Manning was necessarily bound to pay off this lien to perfect his title. His payment of it could hardly be considered as made as a consideration for the sheep; but if so, it was made after the commencement of this suit, and of course after full notice of the appellant's lien. He was under no obligation to pay off this mortgage as part of the purchase money of the sheep; and the payment having been made after notice of Mrs. Overstreet's lien, the appellee can not be protected as an innocent purchaser, though the contract for the payment had been previously made.

The agreement as to this debt and its subsequent payment were not a valuable consideration for the purchase of the property in controversy.

It has been heretofore held by this court that a chattel mortgage not filed for record as required by law is void as to a creditor, though he may have had notice of the instrument. (Brothers v. Mundell, 60 Texas, 240.) It was not expressly held in that case that the creditor must have acquired some right in the mortgaged property by attachment, execution or otherwise; for the creditor whose rights were protected by the decision had levied an attachment upon the property, and there was no question made upon this point. In the case of Grace v. Wade, 45 Texas, 527, it was held, under the Act of February 5, 1840, which protected creditors and subsequent purchasers without notice against prior unrecorded conveyances and mortgages of property, that by the word creditors was meant creditors who had acquired some character of lien upon the property.

This is still the recognized law of our State. Whilst our statute as to chattel mortgages differs from the Act of 1840, in that it avoids these instruments as against creditors whether with or without notice, it makes no change as to the nature of the debt to be thus protected. The language of the two statutes being in this respect identical, and the act in reference to chattel mortgages having been passed after the decision in Grace v. Wade was made, and the subject matter to which it was applied being similar to that of the Act of 1840, we must conclude that the word *creditors,* so far as the character of indebtedness held by them is concerned, was intended to bear the same meaning as it had received in construing the former act.

This, too, is the meaning attached to it by the decisions of the other States having chattel mortgage acts similar to our own. (Jones v. Graham, 77 N. Y., 628; Stewart v. Beale, 7 Hun, N. Y., 411; Ransom v. Schmela, 13 Neb., 77.) It is also laid down by an eminent writer that as against general creditors who have no lien by attachment an unrecorded mortgage is valid and conclusive unless it can be impeached for fraud or violation of law. (Jones on Chat. Mort., sec. 245.)

To be entitled to protection a party must have acquired rights of which he would otherwise be defrauded. (Id., 247.) The statute puts mortgagees and other lien holders by contract or act of the parties upon the same footing. Other creditors, to come within its protection, must have acquired a lien by proceedings at law. These are the creditors whose debts, whether bona fide or not, are protected by the chattel mortgage Act, and there is no reason why its words should be extended beyond the meaning

given them in like statutes. As the appellee did not acquire a lien by process of law upon the sheep in controversy, he was not a creditor within the meaning of the statute, and not entitled to protection as such.

We do not think the court should have admitted evidence as to what Watts said about his indebtedness to Manning. This evidence was competent upon a question of indebtedness between these parties, but not as to a third person not present, whose rights were to be affected by it. It is never competent to prove a consideration by recitals in a deed, when the rights of some other person claiming the property in opposition to the deed are to be affected by the proof.

Thus, when a subsequent purchaser seeks to set aside a former deed for want of notice of its execution, he must prove that he paid the consideration, and this he can not do by the recitals of the deed, because they are the mere admissions of the grantor. (Watkins. v. Edwards, 23 Texas, 443.) A party may bind himself by his own admissions, but he can bind others only in exceptional cases, of which this is not one. Had this been a bill in chancery, brought by Manning to set aside and cancel Mrs. Overstreet's lien to which she and Watts were made parties defendant, upon the plainest principles no admission of Watts could bind his co-respondent; and it is well settled that any admission by a grantor, to affect his grantee, must be made prior to the grant. (Redfield v. Buck, 35 Connecticut, 328; Hill v. Ormabee, 12 Illinois, 166.)

The rulings and charges of the court below upon the questions we have discussed were in conflict with these views, and in our opinion were erroneous. We can not revise the ruling upon the rejection of evidence, complained of in the fifth and sixth assignments of error, because the bill of exceptions does not inform us what the witnesses would have stated in answer to the questions propounded to them. (Milliken v. Smoot, 64 Texas, 174; Reddin v. Smith, 65 Id., 26.)

For the errors pointed out, the judgment will be reversed and the cause remanded.      *Reversed and remanded.*

Opinion delivered April 19, 1887.

[NOTE.—The reversal of the judgment below applies only to that portion of it which is in favor of the appellee Manning, and not to that which is in favor of A. P. Root and G. L. Price, the appellant having in the court below abandoned all right to recover against them.—WILLIE, C. J.]