STEWART & ALEXANDER LUMBER CO.
v. MILLER & VIDOR LUMBER CO.
et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 5, 1912. On Motion for Rehearing, Feb. 1, 1912.)

1. CHATTEL MORTGAGES (§ 5*)—WHAT CONSTITUTES.

Under Sayles' Ann. Civ. St. 1897, art. 3327, providing that all reservations of title to or property in chattels as security for the purchase money thereof are chattel mortgages, notes, for the purchase price of rails, which reserved the title to the seller, though possession was given to the purchaser, were chattel mortgages.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 8; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 2, pp. 1098–1106.]

2. CHATTEL MORTGAGES (§ 84*)—VALIDITY—REGISTRATION.

Under Sayles' Ann. Civ. St. 1897, arts. 3327, 3328, providing that chattel mortgages shall be void as to creditors, subsequent purchasers, and lienors in good faith unless reg-

istered, an unrecorded chattel mortgage is valid between the parties thereto.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 152; Dec. Dig. § 84.*]

**3. CHATTEL MORTGAGES (§ 192*)—RIGHTS OF CREDITORS—REGISTRATION.**

Under Sayles' Ann. Civ. St. 1897, art. 3328, providing that chattel mortgages shall be void as against creditors and subsequent purchasers or lienors in good faith unless the instrument or a copy thereof shall be forthwith filed for record, a mortgage filed before the rights of other persons in respect to the mortgaged property have intervened is valid.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 434–437; Dec. Dig. § 192.*]

**4. CHATTEL MORTGAGES (§ 197*)—REGISTRATION—"CREDITOR."**

Under Sayles' Ann. Civ. St. 1897, arts. 3327, 3328, providing that chattel mortgages shall be void as to creditors and subsequent purchasers and lienors in good faith unless registered, the term "creditors" applies to those persons whose claims are upon certain conditions charged by law as specific liens upon the property, such as holders of attachments, executions, judgments, landlords' and mechanics' liens, and as to subsequent purchasers and lienors in good faith, and so such a mortgage is not void as to a prior trust deed on land which did not include the personalty embraced in the chattel mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433; Dec. Dig. § 197.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

**5. CHATTEL MORTGAGES (§ 197*)—REGISTRATION—"CREDITOR."**

Where the beneficiary of a trust deed, which did not include after-acquired property, foreclosed after a tramway had been laid upon the land, the judgment of foreclosure which followed the description of the deed of trust did not make the beneficiary a "creditor" within the purview of Sayles' Ann. Civ. St. 1897, art. 3328, with respect to the rails of the tramway which were subject to an unrecorded chattel mortgage, for the judgment created no lien, but only enforced one.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 197.*]

**6. CHATTEL MORTGAGES (§ 197*)—REGISTRATION—LIENHOLDERS—"GOOD FAITH."**

Under Sayles' Ann. Civ. St. 1897, art. 3328, providing that a chattel mortgage shall be void as to subsequent purchasers and lienholders in good faith, unless the mortgage is forthwith filed for record, a lienholder in "good faith" is one who pays a valuable consideration at the time of acquiring the lien without notice of the mortgage, and hence the holder of a deed of trust on land did not, by obtaining a judgment of foreclosure in which the description of the property followed the description as given in the deed of trust, become a lienholder in good faith as against one who furnished rails for the construction of a tramway on the land subsequent to the date of the deed of trust and took a chattel mortgage for the price of such rails which he failed to record.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433; Dec. Dig. § 197.*

For other definitions, see Words and Phrases, vol. 4, pp. 3117–3121; vol. 8, p. 7672.]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by the Miller & Vidor Lumber Company against William A. Holloday and others, in which the Stewart & Alexander Lumber Company intervened. From a judgment sustaining a demurrer to its petition, intervener appeals. Reversed and remanded.

Ross & Wood, for appellant. Stewarts, Geo. T. Burgess, and J. E. Quaid, for appellees.

McMEANS, J. The district court of Galveston county, in the case of Miller & Vidor Lumber Company v. William A. Holloday et al., having appointed a receiver of the Holloday-Shilkee Lumber Company, the appellant Stewart & Alexander Lumber Company intervened in the cause asking judgment upon two notes executed by said Holloday-Shilkee Lumber Company, and for foreclosure of a chattel mortgage securing the same. The court sustained exceptions to the petition of intervener urged by the plaintiff in the main suit, as well as a general demurrer urged by the receiver, and, the appellant declining to amend, judgment was rendered by the court against it, and from that judgment this appeal is prosecuted.

Appellant's petition of intervention alleges, in substance: That on or about May 1, 1909, the said Miller & Vidor Lumber Company conveyed to William A. Holloday a tract of 25 acres of land in Grimes county, Tex., together with the sawmill, planer, and machinery therein, and tramroad with about 2 miles of 20-pound rails, and certain standing timber or stumpage, which conveyance reserved a vendor's lien to secure the unpaid purchase money due thereon, and which vendor's lien notes were secured by a deed of trust upon the property conveyed. This lien did not purport to cover after-acquired property. That thereafter, on or about October 2, 1909, the said Holloday conveyed the said 25 acres of land and all of said personal property to said Holloday-Shilkee Lumber Company. That thereafter the appellant, Stewart & Alexander Lumber Company, sold to said Holloday-Shilkee Lumber Company two car loads of steel rails in payment for which said last-named company executed its two promissory notes to appellant dated December 6, 1909, one for $500 due in five months, and the other for $526.14 due in six months after date; said notes reciting that they were given for the purchase price of said rails, and that the title to same should not pass from said Stewart & Alexander Lumber Company until said purchase price was paid, and, further, that all lien rights were reserved by said last-named company. That the said rails were received by said Holloday-Shilkee Lumber Company and were by it laid, by themselves, in a temporary

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

spur, and that the logs, for the removal of which said spur had been laid, had been moved, and there was no further use for same, and that said Holloday-Shilkee Lumber Company was preparing to take same up until prevented by the events hereinafter stated. That on June 8, 1910, said Miller & Vidor Lumber Company brought suit in the district court of Galveston county against said Holloday and said Holloday-Shilkee Lumber Company to foreclose its said vendor's lien notes, and on that day, upon application of Miller & Vidor Lumber Company, the court appointed a receiver for the Holloday-Shilkee Lumber Company, and a special master to hear interventions. It was further alleged: That no notice, general or special, was given to the creditors of the Holloday-Shilkee Lumber Company to intervene in said case, and that appellant was not a party to and had no notice of said suit. At the appearance term of said court and on October 17, 1910, the court, proceeding to try said case, rendered a judgment in favor of the Miller & Vidor Lumber Company for $40,516.57 upon its vendor's lien notes and adjudged the same to be a lien upon said 25-acre tract and said sawmill, and upon certain personal property and standing timber, and the "tram and tram equipment of every kind, character and description belonging and appertaining or in use in and about said sawmill, said tract lying partly in Grimes and partly in Waller county, together with all rolling stock and appliances thereto, including narrow-gauge logging cars, one locomotive, Fourney make, and about two miles of 25-pound steel rails, together with ties and appliances thereof." That the decree directed the receiver to sell the property. That the receiver took possession of said rails sold by appellant and laid in said spur track, and claimed the right to hold and sell same under said decree, and plaintiff, Miller & Vidor Lumber Company, also claimed its lien to extend to and cover said rails. That upon November 1, 1910, subsequent to the rendition of the judgment above stated, appellant filed its lien in the office of the county clerk of Grimes county. The petition concluded with a prayer for the title and possession of the rails, and in the alternative that intervener have judgment for the amount due upon said notes, and that the said lien be foreclosed.

We think the foregoing is a sufficiently full statement, in substance, of the allegations of the plea in intervention of appellant in view of the conclusions we have reached and which will be hereinafter stated. To this petition of the plaintiff, Miller & Vidor Lumber Company, the receiver urged general demurrers and several special exceptions, two of which, viz., E and F, which are, in fact, speaking demurrers, were sustained by the court. These exceptions are as follows: "E. It appears from the intervention that the notes were not filed forthwith nor in such time as to create a lien. F. It appears that plaintiff recovered judgment with foreclosure of lien on the rails described in the intervention (and that same are in custodia legis) prior to the filing by intervener of its alleged chattel mortgage." And the court sustained the general demurrer of the receiver upon the same grounds upon which said exceptions E and F were sustained. The action of the court in sustaining the demurrer and exceptions is made the basis of appellant's several assignments of error.

It will be seen from the allegations of the petition that the rails sold by appellant to the Holloday-Shilkee Lumber Company were not commingled with those upon which Miller & Vidor Lumber Company had a mortgage so as to render them indistinguishable from those covered by the latter's mortgage, but that they were laid by themselves in a different track or spur, and, this being true, they could be readily identified. It is also shown that, at the date of the execution of the mortgage or trust deed by Holloday to Miller & Vidor Lumber Company, the rails in question had not been purchased from appellant, nor were they in the possession of the mortgagor, and no intention to incorporate them in the mortgage can therefore be presumed. The petition expressly negatives any intention of Miller & Vidor Lumber Company to include in its mortgage any property thereafter acquired by Holloday or the appellant. The question that first arises is: Did the failure of Stewart & Alexander Lumber Company to record the mortgage given by the Holloday-Shilkee Lumber Company to secure the purchase price of the rails, earlier than was done, deprive it of its lien as evidenced by the contract of sale? The trial court in sustaining the exceptions must have so held.

[1] It will be observed that the mortgage taken by appellant was not in the usual form of a chattel mortgage, but the contract was evidenced by promissory notes in writing executed by the Holloday-Shilkee Lumber Company to appellant for the amount of the purchase price, with a provision in each note that the title to the rails should not pass from appellant until the purchase price was paid and that all lien rights were reserved by appellant. This constituted a "chattel mortgage" within the meaning of article 3327, Sayles' Civil Statutes, which provides: "All reservations of the title to or property in chattels as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservation be in writing and registered as required by chattel mortgages. * * *"

[2] Construing this article and article 3328 hereinafter set out, it has been held that an unrecorded chattel mortgage is not void as between the parties thereto. Brewing Association v. Manufacturing Co., 81 Tex. 99, 16 S. W. 797; Keller v. Smalley, 63 Tex. 519;

Brothers v. Mundell, 60 Tex. 246; Randolph v. Brown, 21 Tex. Civ. App. 617, 53 S. W. 827.

[3] It has also been held that the requirement that the mortgage or a true copy shall be forthwith filed in the office of the county clerk in order to make it valid as against creditors, subsequent purchasers, and bona fide mortgagees or lienholders, is discharged if filed before the rights of other persons in respect of the mortgaged property have intervened. Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 338. It follows that it is our conclusion that as between the Holloday-Shilkee Lumber Company and the Stewart & Alexander Lumber Company the latter's mortgage on the two car loads of rails sought to be foreclosed upon in this proceeding was valid and subsisting.

[4] Was, then, said mortgage, when declared upon in this suit, void as to Miller & Vidor Lumber Company? It was not unless the company last named falls in the class of persons as to whom an unrecorded mortgage is made invalid by the statute.

Article 3328, Revised Civil Statutes, provides: "Every chattel mortgage, deed of trust, or other instrument in writing, intended to operate as a mortgage of, or lien upon personal property, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers or mortgagees or lienholders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk where the property shall then be situated, or if the mortgagor or person making the same be a resident of this state, then of the county of which he shall at that time be a resident. * * *"

It will be seen that by the terms of this article the unrecorded mortgage of appellee was absolutely void as to creditors and as to subsequent purchasers and mortgagees and lienholders in good faith. As said by Chief Justice Finley in Oak Cliff College v. Armstrong, 50 S. W. 613: "A clear distinction is drawn between the two classes by the statute. It does not make the requirement of good faith as to creditors in order that the unregistered mortgage become void; but it does make such requirement of subsequent purchasers, mortgagees, etc. This construction of the statute was given by the Supreme Court in Brothers v. Mundell, 60 Tex. 246, and has been followed since. Keller v. Smalley, 63 Tex. 519; Overstreet v. Manning, 67 Tex. 663, 4 S. W. 248; Berkley & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 141, 16 S. W. 807; Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872. The term 'creditors,' as used in the statute, has been construed in quite a number of cases, and its

meaning is thus defined in Bowen v. Wagon Works, supra: "The logic of these decisions would seem to include within the term "creditors" all persons whose claims are, upon certain conditions, charged by law as specific liens upon certain property, such as holders of attachment, execution, judgment, landlord and mechanics' liens, and to exclude therefrom all others.'"

It is clear that the rights of Miller & Vidor Lumber Company, if they have any, as against the two car loads of rails embraced in appellant's mortgage, do not arise under the provisions of the statute relating to subsequent good-faith purchasers and mortgagees, etc. It is also clear that under the definition of the word "creditor" as given in Bowen v. Wagon Works, supra, Miller & Vidor Lumber Company was not by reason of its mortgage a creditor of Holloday, or Holloday-Shilkee Lumber Company, in the sense that rendered appellant's unregistered mortgage void as to it unless the rendition of the judgment in the receivership proceedings, establishing its lien upon property under a description sufficiently broad to embrace the two car loads in question, placed it in the category of a person "whose claim is, upon certain conditions, charged by law as specific liens upon certain property, such as the holder of an attachment, execution, judgment, landlord or mechanic's lien, and to exclude therefrom all others."

[5] Did the rendition of said judgment have such an effect? We think not. The description in the judgment follows closely the description given in the mortgage, and, as the rails in question could not have been included in the mortgage, the fact that they may have been included in the judgment by the broad description there given would not be binding upon or affect the rights of the Stewart & Alexander Lumber Company who was not a party to that suit nor have notice of the pendency thereof. The judgment was but a means of enforcing the lien, and did not create it. Furniture Co. v. Hotel Company, 81 Tex. 135, 16 S. W. 807.

[6] But even if the rendition of the judgment could be held to have created the lien on the two car loads in favor of Miller & Vidor Lumber Company from the date of its rendition, still, in order to render appellant's mortgage void as to it, it must have been a lienholder in good faith. A lienholder in good faith is one who pays a valuable consideration at the time of acquiring the lien and is without notice of the prior unregistered mortgage. Oak Cliff College v. Armstrong, supra. There is no allegation in the petition of intervention filed by appellant in the court below, which can be construed as an averment that appellee, Miller & Vidor Lumber Company, was, within the meaning of the statute, a creditor of Holloday-Shilkee Lumber Company or a subsequent mortgagee or lienholder in good faith of the property upon which appellant claims a lien.

It follows, therefore, that the court erred in sustaining the demurrer and exceptions to appellant's plea of intervention, and for this error the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing.

In an opinion heretofore filed in this case we say: "The judgment was but a means of enforcing the lien, and did not create it. Furniture Co. v. Hotel Co., 81 Tex. 135, 16 S. W. 807. But even if the rendition of the judgment could be held to have created the lien on the two car loads in favor of Miller & Vidor Lumber Company from the date of its rendition, still, in order to render appellant's mortgage void as to it, it must have been a lienholder in good faith. A lienholder in good faith is one who pays a valuable consideration at the time of acquiring the lien and is without notice of the prior unrecorded mortgage." From the opinion as a whole we think it is manifest that we did not intend by this paragraph of the opinion to hold that if, by the rendition of the judgment referred to, appellee lumber company acquired such a lien as would make it a "creditor" of the Holloday-Shilkee Lumber Company within the purview of article 3328, Revised Civil Statutes, it was necessary for it, in order to defeat appellant's mortgage, to show that it paid a valuable consideration for its lien without any notice of appellant's mortgage. What is said in the above quotation from the main opinion in regard to the good faith of the appellee lumber company could only be applicable in case the rendition of the judgment referred to should be considered as giving said appellee the rights of a "subsequent" lienholder, as distinguished from those of a "creditor" as these terms are used in the statute before mentioned.

We have carefully considered appellee's motion for a rehearing and feel constrained to adhere to our former conclusion on the question presented, and the motion is therefore overruled.