## FREIBERG, KLEIN & CO. v. BRUNSWICK-BALKE-COLLENDER CO.

### (No. 6493.)

APPEAL from Johnson County.  Opinion by WILL-SON, J.

POINDEXTER & PADELFORD, counsel for appellants.

No counsel appeared for appellee.

§ 142. *Judgment; cannot be rendered for principal of note, interest thereon and attorney's fees when the verdict is only for the principal.*  The Brunswick-Balke-Collender Company instituted this suit against T. J. Lovelady, Freiberg, Klein & Co., James Foster and V. H. Merriwether.  As alleged in the petition, the cause of action against the several defendants is, in substance, that on August 1, 1885, T. J. Lovelady, by his agent, J. P. Lovelady, executed and delivered to plaintiffs four promissory notes, each for the sum of $67.50, bearing ten per cent. interest per annum from date; that said notes are due and unpaid, etc.; that said T. J. Lovelady, by his said agent, at the time of executing said notes, also executed and delivered to plaintiffs a chattel mortgage upon certain property therein described, to secure the payment of said notes; that said mortgage was duly registered August 12, 1885; that in March, 1886, Freiberg, Klein & Co. became purchasers of said property at a sale thereof made by the sheriff under an order of sale issued in an attachment suit against said T. J. Lovelady; that thereafter Freiberg, Klein & Co. sold said property to V. H. Merriwether, and said Merriwether sold the same to said James Foster; that all and each of said purchasers of said property bought the same with full notice of plaintiffs' notes, etc.  Plaintiffs pray for judgment against said T. J. Lovelady for the amount of said notes, interest, etc., and for a foreclosure of this mortgage lien

against all of the defendants. It is unnecessary to state the several defenses pleaded by appellants. A trial was had by a jury, and the verdict rendered is as follows: "We, the jury, find for the plaintiffs $270." Upon this verdict judgment was rendered for the plaintiffs against the defendant T. J. Lovelady for $390.50, and foreclosing said mortgage against all of the defendants, and adjudging the costs against all of the defendants. From this judgment all of the defendants prosecute this appeal except T. J. Lovelady. Appellees in this court confess error, and ask that the judgment be reversed and the cause remanded. Appellants oppose the suggestion of appellees that the cause should be remanded, and ask that the judgment be reversed, and here rendered in conformity with the verdict — that is, for $270 and costs, and without foreclosure of the mortgage; and if this cannot be done, that this court settle the law of the case so as to obviate another appeal.

We are of opinion that the judgment should be reversed and the cause remanded for another trial. By here rendering judgment in accordance with the verdict, appellees would not have judgment for the amount to which they are entitled, if entitled to judgment for any amount, and would furthermore be deprived of a proper adjudication of their mortgage lien.

In his charge the court instructed the jury to find the amount of the principal of the notes, if they found for the plaintiffs, saying nothing about interest and attorney's fees. The jury obeyed the instructions, finding merely the principal of the notes; and the court, in the judgment, added to said amount found by the jury interest and attorney's fees, making the judgment largely in excess of the verdict. The court should have instructed the jury that, if they found for plaintiffs, they would find the amount due them, principal, interest and attorney's fees. Such, we think, is the proper and usual practice.

**§ 143.** *Mortgage; deposit of for registration; "forthwith," meaning of; evidence; execution of mortgage need not be proven, nor registration of shown, when; judicial knowledge.* The court instructed the jury, as matter of law, that the mortgage was void, and yet, in rendering judgment, foreclosed said mortgage. We do not understand this inconsistency, unless it was a result of a change of the court's opinion as to the validity of the mortgage after giving said instruction. The validity of said mortgage was a question of fact, to be found by the jury, and should have been submitted for their determination under proper instructions. Upon its face the mortgage is not void or invalid. Appellants contend that the mortgage is void as to them, because it was not forthwith deposited with and filed in the office of the county clerk. [Sayles' Civil St., art. 3190*b*.] The mortgage was executed, apparently, in July, 1885,— day of the month not stated,— and was deposited and filed with the county clerk for registration on the 12th day of August, 1885. The statutory requirement that the mortgage shall be deposited and filed forthwith does not mean that it must be deposited and filed on the very day that it was executed. "Forthwith" signifies "as soon as by reasonable exertion, confined to the object, it may be accomplished." [1 Bouv. Law Dict.] If, in this instance, the mortgage was deposited with the clerk within a reasonable time after it was executed — that is, as soon as it could, by reasonable exertion, have been so deposited, taking into consideration all the circumstances of the case — then it was deposited "forthwith," within the meaning of the statute, and was valid against subsequent purchasers. It was for the jury, and not the court, to determine whether or not the mortgage was deposited "forthwith" after its execution. In this case, as the mortgage was not deposited with the clerk until after the lapse of several days from the date it was executed, it would devolve upon appellants to show that it

was deposited within a reasonable time; that is, to prove such facts as would show that it was deposited as soon after its execution as it could have been by the exercise of reasonable exertion, or to prove that appellants had actual notice of it. [Freiberg v. Magale, 70 Tex. 116.] It was not error to admit the mortgage in evidence without proof of its execution. The petition was founded in part upon the mortgage, and a plea of *non est factum* not having been interposed, the mortgage was admissible in evidence without proof of execution, and without the filing and notice required by article 2257 of the Revised Statutes. [Sayles' Civil St., art. 2262 and notes.] It was not necessary to show that the mortgage had been registered. It was only required to be shown that it had been deposited with the proper officer for registration, and this was sufficiently shown by the indorsement upon the instrument, signed by the recorder, by his deputy, and the trial court judicially knew that the person making said indorsement was the proper officer. [Freiberg v. Magale, 70 Tex. 116.]

§ 144. *Evidence; agent; declarations of, not admissible without proof of agency and scope of same.* We cannot determine from the record before us whether or not the court erred with respect to the testimony as to the declarations of J. P. Lovelady. Such declarations were not admissible unless said J. P. Lovelady was, at the time of making them, the agent of T. J. Lovelady. If he was then such agent, and acting and speaking within the scope of his apparent authority as such, his declarations were admissible when offered by either party. On another trial J. P. Lovelady's declarations should not be admitted, unless it be shown that at the time of making them he was the agent of T. J. Lovelady, and in making them was acting within the scope of his apparent authority as such agent.

June 21, 1890.                    Reversed and remanded.