CAMERON ICE COMPANY ET AL. V. WALLACE & YATES.

Decided April 19, 1899.

**1. Chattel Mortgage—Filing—Priority.**

A chattel mortgage filed as soon as it reasonably can be after its execution and delivery, takes effect from the time of delivery, and prevails over a lien created between the time of delivery and that of filing.

**2. Same—Diligence in Filing.**

A chattel mortgage executed at 6 o'clock p. m. and filed at 6:48 p. m.,—the delay being caused by the absence of the clerk from town and sickness of the deputy, and reasonable expedition being used in procuring its filing,—prevailed over an attachment on the same property levied at 6:30 p. m. of the same day.

Appeal from the County Court of Milam.    Tried below before Hon. W. M. McGregor.

*Monta J. Moore* and *L. C. McBride,* for appellants.

*E. L. Anthony* and *W. W. Chambers,* for appellees.

KEY, Associate Justice.—Appellees brought this suit against John Woodhead, doing business under the name of the Cameron Ice Company. The plaintiff's suit was an action of debt, and they sued out an attachment which was levied upon a wagon, which is the subject matter of the present controversy.

W. L. Baird interposed a plea of intervention, claiming a mortgage on the wagon prior to the levy of plaintiff's attachment.   The trial in the court below resulted in favor of the plaintiffs against both the defendant Woodhead and the intervener Baird.   The latter has appealed, and presents the case in this court on the following undisputed facts:

The plaintiffs proved up their account against the defendant Woodhead; showed the issuance of an attachment in their favor, which was levied on the wagon in question at 6:30 o'clock p. m. on the 16th day of September, 1897.   The intervener Baird showed that the defendant Woodhead, at 6 o'clock p. m. on the 15th day of September, 1897, executed and delivered to the intervener a chattel mortgage on said wagon, to secure a debt of $300 owing from Woodhead to the intervener.   It was also shown that L. C. McBride, who acted as agent for Baird, the intervener, in accepting the chattel mortgage, received and accepted the same at 6 o'clock p. m. on the 15th day of September, 1897; that immediately after its delivery to McBride at his office in Cameron, the county seat of Milam County, he carried the same to the courthouse, a distance of about 100 yards, for the purpose of filing the same in the office of the county clerk.   He found the county clerk's office closed. and immediately went to the residence of the clerk, but failed to find him at home, and was informed by his wife that he had gone to Rockdale, about fifteen miles from Cameron.   McBride then immediately went to the residence of Tyson, deputy county clerk of Milam County, to get him to file the mortgage.   The residence of Collier, the clerk, was about three blocks from the courthouse, and the residence of Tyson, the deputy, was about four blocks further.   Tyson was sick in bed, and at first objected to going to the courthouse, but upon being urged by McBride to do so, he got up and went with McBride to the county clerk's office in the courthouse, and at 6:48 p. m. on the 15th day of September, 1897, received and filed intervener's chattel mortgage.

The testimony shows that after the delivery of the chattel mortgage to McBride, as agent for Baird, McBride attended to nothing else until he got the same properly filed in the office of the county clerk; that he went with reasonable haste from his office to the courthouse, from the courthouse to the residence of the clerk, and from the residence of the

clerk to the residence of the deputy clerk, and from there back to the courthouse.

Under these facts, it must be held that the chattel mortgage was filed forthwith, within the meaning of the statute, as construed by our Supreme Court in the case of Smelser v. Baker, 88 Texas, 26. In the case cited, it is held that a chattel mortgage filed as soon as it reasonably can be after its execution and delivery, will take effect from the time of its delivery and prevail against a lien created between the time of delivery and the time of filing in the clerk's office.

According to the law as thus settled, on the undisputed facts in the record the intervener Baird is entitled to a judgment establishing the priority of his lien and a foreclosure thereof for the payment of his debt. We therefore reverse and remand the cause, with instructions to the County Court to render judgment in accordance with this opinion.

*Reversed and remanded.*