WESTERN AUTOMATIC MUSIC CO. v. FISHER et al. (No. 5600.)

(Court of Civil Appeals of Texas. Austin. March 15, 1916. Rehearing Denied May 3, 1916.)

CHATTEL MORTGAGES ⬤150(2) — RECORDATION—FILING "FORTHWITH"—STATUTE.

Where the buyer of a piano, giving notes for the price secured by mortgage, executed the instruments, and mailed them to the seller for inspection, which remailed them the same day to the county clerk of the county of the buyer's residence, the mortgage was filed "forthwith" within Rev. St. 1911, art. 5655, requiring recordation of chattel mortgages.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 250, 251; Dec. Dig. ⬤ 150(2).

For other definitions, see Words and Phrases, First and Second Series, Forthwith.]

Appeal from Milam County Court; John Watson, Judge.

Suit by the Western Automatic Music Company against Mrs. Julia Fisher and others.

From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Lyles & Lyles and Wallace & Moore, all of Cameron, for appellant. Morrison & Lewis, of Cameron, for appellees.

JENKINS, J. Mrs. Julia Fisher owned a business house in the city of Cameron, Milam county, which she rented to A. L. Merritt for the term of one year from February 14, 1914. He used the building until October, 1914, when he abandoned the same. At that time he owed for rent which at the time of the trial hereof amounted, principal and interest, to $430. On March 4, 1914, some two weeks after he took possession of the building, Merritt made a contract with appellant to purchase a secondhand piano, by the terms of which contract the piano was to be shipped to him from Dallas, appellant's place of business, upon trial, and, after testing the same for a reasonable time, if it suited him, he was to purchase the same and execute his notes therefor payable $70 per month, aggregating $1,650, with a mortgage on the piano to secure the payment of said notes; said mortgage and notes to be sent to appellant at Dallas for approval. The piano was shipped to Merritt, consigned to appellant, shipper's order, and arrived at Cameron March 2, 1914. Appellant drew a draft on Merritt for $70.15 and sent same to a bank at Cameron, with bill of lading attached, which was paid by Merritt, and the piano was delivered to him by the railway company March 4th. If Merritt took the piano, this $70 was to be credited on the purchase price. A short time thereafter appellant wrote to Merritt, urging him to either accept the piano and execute the notes and mortgage, or to ship it back to appellant. The blank mortgage and notes had been sent to the bank. On March 16, 1914, Merritt got the blank mortgage and notes, filled the same out, and mailed them to appellant at Dallas, in accordance with the agreement between said parties. They were received by appellant at Dallas on the following day, by it examined and approved, and remailed to the county clerk of Milam county on same day, and by him received and filed prior to 8 o'clock a. m. the next day. This was as soon as the mortgage could have been sent to Dallas after it was executed, and returned from Dallas to Cameron. The case was tried by the court without a jury, and Mrs. Fisher's landlord's lien was adjudged to be superior to appellant's mortgage lien. There was also a judgment in reference to another mortgage lien held by the Cameron Power & Light Company, which was shown not to be superior to Mrs. Fisher's landlord's lien; but, as this case is to be reversed and remanded, that feature of the case need not be further discussed.

The only controverted issue herein is as to

whether appellant's mortgage was filed "forthwith," within the meaning of article 5655, R. S. The trial court found that it was not filed forthwith, for the reason that it could have been filed in Cameron on the 16th of March, the day it was executed. It is true that Merritt could have handed it to the clerk immediately after executing the same, but he had no authority to do so. It was not then a mortgage, and did not become such until it, together with the notes, was examined and approved by appellant. Appellant, after receiving the mortgage examined, approved and mailed it to the county clerk of Milam county on the same day, and it was received by the clerk in the shortest time that it could be transported by mail from Dallas to Cameron, a distance of about 150 miles. Upon all the facts herein found the testimony is undisputed.

The title to the property did not pass until the notes were accepted and the mortgage was approved in Dallas on March 17th, and the mortgage was filed "forthwith" thereafter, as that term is used in our statute, by reason of which the appellant's mortgage lien is superior to Mrs. Fisher's landlord's lien. Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 882; Freiberg v. Brunswick, 16 S. W. 785; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163.

For the reasons stated, the judgment of the trial court is reversed and remanded to be tried in accordance with this opinion.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes