BEN F. FARMER v. J. L. EVANS.

No. 2966. Decided June 22, 1921.

(233 S. W., 101.)

1.—Chattel Mortgage—Innocent Purchaser—Conflict of Laws—Comity—Case Followed.

The rulings in Consolidated Garage Co. v. Chambers, post, p. 293, followed and held to control the decision of this case. (P. 285).

2.—Same—Case Stated.

The mortgagor of chattels in Oklahoma, without knowledge, consent, or negligence in enforcing his claim by the mortgagee, removed the property to Texas where he sold it to an innocent purchaser, the mortgage being unregistered in Texas. *Held* that such purchaser took good title as against the lien of the mortgagee. (Pp. 284, 285).

Question certified from the Court of Civil Appeals for the Seventh District, in an appeal from Lipscomb County.

Evans sued Farmer and another for foreclosure of a chattel mortgage and recovered judgment from which Farmer appealed. It was reversed and rendered in appellant's favor (192 S. W., 343); but on motion for rehearing, because of a dissenting opinion and conflict with other decisions, the queston was certified to the Supreme Court.

*H. L. Adkins,* for appellant:

A lien acquired by registration of a chattel mortgage in a foreign state will not be given priority in Texas, the constructive notice imparted as a result of the registration depending wholly upon a

foreign law, which will not be enforced in the domestic forum. Best v. Farmers' & Mercht.'s Bank, 141 S. W., 334.

*Hoover & Dial,* for appellee:

In a suit for conversion of mortgaged property the principle of comity applies in this state, and if the mortgage as plead by plaintiff created a valid and subsisting lien in the state and county in which the same was given against the property located therein and the property was removed from said county and state into this state, the lien follows the property. Blythe v. Crump, 66 S. W., 885; Bank v. Morris 21 S. W., 510.

Mr. Justice PEARSON delivered the opinion of the court.

The opinion of the Court of Civil Appeals for the Seventh District in this case is reported in 192 S. W., 343, and the facts briefly are as follows:

In Harper County, Oklahoma, one R. W. Warren executed and delivered to appellee Evans his certain promissory note secured by a chattel mortgage on six head of live stock. Said mortgage was executed in Harper County, Oklahoma, where both parties lived and where the property was situated. Appellee had said chattel mortgage registered in Harper County as required by the law of Oklahoma, to give notice to subsequent purchasers. Thereafter said Warren brought two black mules, being a part of the live stock covered by the mortgage, into Lipscomb County, Texas, and sold them to appellant, Ben F. Farmer, without the knowledge or consent of appellee. Some months afterwards Farmer sold the mules to F. F. Schick. No record of the mortgage was made in Texas. Appellee brought suit in Lipscomb County to recover the balance due on his note and to foreclose his mortgage on the mules as against Farmer and Schick in satisfaction of said balance.

It appears that appellant, Farmer, was an innocent purchaser without notice, but that he bought the mules within about a month after they had been brought out of Oklahoma into Lipscomb County by said Warren. The trial court held that appellee, Evans, was not negligent in not having filed his mortgage of record in Lipscomb County before appellant Farmer purchased the mules, but that he was negligent in not having filed his mortgage for record in Lipscomb County prior to the purchase by defendant Schick. It denied recovery as against Schick, but held that appellee under the rule of comity between States was entitled to recover as against appellant Farmer. Appellant Farmer prosecuted his appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District, and that court reversed and rendered the case in his favor, upon the ground that, under our statutes, appellant Farmer being an innocent purchaser for value without notice, he should be protected in his purchase and that the doctrine of comity between States "should not

be applied when to do so would conflict with the public policy of the State of the forum, and when the effect of enforcing it is to injure or destroy the rights of local citizens innocently acquiring the property or some interest therein.'' On motion for rehearing Associate Justice Boyce dissented, and there being a conflict between the majority opinion in this case with opinion of the Court of Civil Appeals for the Fifth District in the case of Blythe v. Crump, 28 Texas Civ. App., 327, 66 S. W., 885, and with the opinion of the Court of Civil Appeals for the Second District in the case of Scaling v. First National Bank, 39 Texas Civ. App., 154, 87 S. W. 715, the Court of Civil Appeals certified the case to this court upon the following question, to-wit:

''Whether the holder of the Oklahoma mortgage, duly filed in accordance with the laws of that state so as to make the mortgage valid, in so far as those laws can have such effect, may enforce the same against property covered thereby, removed to this state, without the knowledge or consent of the mortgagee, and without negligence on his part with respect to ascertaining the fact of removal, in the hands of an innocent purchaser of such property for value, without actual notice of the mortgage?''

This case is fully controlled by the principles and rulings announced in Cause No. 3340, Consolidated Garage Company, Plaintiff in Error, v. Ray Chambers, Defendant in Error, in which an opinion was delivered by this court on this date, June 22, 1921. It was held that to hold valid and effective a chattel mortgage duly executed and recorded according to the laws of another State where same is executed and the property located, as against a purchaser in good faith in this State, to which the property has been removed by the mortgagor, is contrary to the statutory law, and contravenes the settled policy, of this State. On the authority of that case, we answer that the holder of a mortgage duly filed and recorded in the State of Oklahoma cannot enforce same against property covered thereby removed to this State as against an innocent purchaser for value without notice in this State.