**WEAVER v. HILLMAN.**
**No. 3799.**

Court of Civil Appeals of Texas. Texarkana.
Feb. 10, 1930.
Rehearing Denied Feb. 27, 1930.

Clark, Harrell & Clark, of Greenville, for appellant.

L. L. James, of Greenville, for appellee.

Statement of Reasons for Refusing to Reverse the Judgment.

PER CURIAM.

When Hillman proved he was a mortgagee entitled to possession of the automobile as against S. D. Steinberg, he made a prima facie case warranting a judgment in his favor, unless Weaver, discharging a burden which then rested upon him, adduced evidence sufficiently rebutting such prima facie case. We think the trial court had a right to conclude Weaver did not do that, notwithstanding it appeared that J. Steinberg had possession of the car and declared he purchased it in California and owned it; for we think the court was not bound to accept the declaration as true and had a right to conclude that the presumption of ownership in said J. Steinberg arising from the fact that he had possession of the car was overcome by the evidence showing that by the terms of the contract covering the sale of the car by Hillman to Samuel D. Steinberg November 14, 1928, the latter was not to sell it nor remove it from the state of California without Hillman's written consent; and by the testimony of Hillman that he gave no such consent, and that said J. Steinberg was not the owner of the car on December 26, 1928, when it was levied upon.

HODGES, J. (dissenting).

I cannot agree to the affirmance of the judgment in this case, and in order to show my reasons for dissenting it will be necessary to state more fully the facts.

This suit is one for the trial of the right of property to a Chevrolet automobile. In December, 1928, a collision occurred on a highway in Hunt county between the car referred to and a truck driven by the appellant, Weaver. The Chevrolet was being driven by one Jack Steinberg. Soon thereafter the appellant filed a suit against Steinberg to recover compensation for the injuries to his truck, and at the same time sued out a writ of attachment, which was levied on the Chevrolet car while in the possession of Jack Steinberg. A trial of the case resulted in a judgment in favor of the appellant against Steinberg for the sum of $400 and a foreclosure of the attachment lien on the Chevrolet car. An order of sale was thereafter issued directing a sale of the car to satisfy the judgment, and placed in the hands of the sheriff. After that judgment was rendered, a claimant's affidavit and bond were filed by the appellee. Upon the presentation of the affidavit and bond, the sheriff delivered the car to him. In the tender of issues in the court below, the appellee claimed the right of possession by virtue of a conditional contract of sale by which he sold the car to Samuel D. Steinberg in the state of California on the —— day of November, 1928. Among other things, he pleaded as follows: "By way of special answer herein defendant says that he sold the car in question conditionally on the 14th day of November, 1928, to one Samuel D. Steinberg upon the following terms, to-wit: One Hundred and Seventy Dollars ($170.00) cash and the balance in eleven installments of Fifty-one Dollars and Ninety Cents ($51.90) each and one installment of Fifty-one Dollars and Ninety-nine Cents ($51.99); that said automobile was sold to said Samuel D. Steinberg upon a conditional sale contract, which is in words and figures as follows:" Then follows a rather lengthy contract, of which the above is the substance. It contains a stipulation that Samuel D. Steinberg should not sell the car or remove it from the state of California without the consent of the appellee. He further alleges that there had been a failure to pay one of the installments due on the car, and that by the terms of the sale contract he was entitled to the possession thereof. He further specially denied that Jack Steinberg was the owner of the car, and claims ownership in himself by virtue of the contract above referred to.

The case was tried before the court without a jury, and a judgment rendered in favor of the appellee. No findings of fact or conclusions of law were filed by the court. The only question involved in this appeal is: Did the evidence support the judgment rendered?

The appellee testified by deposition, in substance as follows: He was an automobile dealer, and on November 14, 1928, sold the car in controversy to Samuel D. Steinberg on the terms alleged in his answer. The contract was executed by him as seller and Samuel D. Steinberg as buyer. He said: "The pink certificate which is attached to the interrogatories was used by the Motor Vehicle Department of the State of California and is a certificate of title as to the automobile described therein. Under the laws of the State of California and the rules and regulations of the Motor Vehicle Department under which said certificate was issued, the same was issued to me when I purchased the automobile therein described as evidence that I was the legal owner thereof. When I sold this car upon said conditional sales contract to Samuel D. Steinberg, I had the pink certificate above referred to issued in the name of Samuel D. Steinberg as registered owner only, myself retaining the legal ownership thereof as is shown by said certificate of legal ownership. The purpose of the certificate is quite fully set forth on its face wherein it says 'This certificate is evidence of legal ownership of vehicle it describes.' And is the same as a complete bill of sale or abstract of title or any other evidence of absolute ownership and is a part of the records of the Motor Vehicle

Department, a state institution legally organized and existing, with headquarters at Sacramento, the capital of California."

He further testified that the terms of the sales contract had not been complied with by Samuel D. Steinberg in any respect except the payment of the $170 cash. The other payments, he stated, were still due and unpaid. He had exercised his option under the contract and attempted to repossess the car, and did so as soon as possible after the breach of the contract. He said: "I have not entered into any other contract of any kind or character with the said Samuel D. Steinberg regarding the automobile described in said contract; and said contract is a valid, subsisting and binding contract between myself and Samuel D. Steinberg. I have at no time or upon any condition given my consent that Samuel D. Steinberg or any one else have the privilege to carry or take or drive said automobile out of the State of California, and I am now the legal owner and holder of said contract. I have never given my consent for Samuel D. Steinberg to sell or transfer said car to any person. I was the owner of the car herein described on the 26th day of December, 1928. I was not acquainted with Jack Steinberg but in the purchaser's statement signed by Samuel D. Steinberg at the time of the purchase of said car in which he gave as his nearest relative Jack Steinberg. Jack Steinberg did not own the car herein referred to on the 26th day of December, 1928, or any part therein. Neither did he own any interest in said car on that date, or any part thereof. According to the terms of the contract between myself and Samuel D. Steinberg executed on the 14th day of November, 1928, I was entitled to the possession of said automobile on the 26th day of December, 1928, as is fully set forth under Subdivision 6 of said contract."

The following is the pink certificate attached to the deposition:

"1928                    58864

"State of California

"Certificate of Legal Ownership

"This certificate is evidence of legal ownership of vehicle it describes. Place same in safe or bank vault. Do not place in machine. When car is sold this instrument properly endorsed must be presented to the division before transfer can be made.

"Name    Samuel D. Steinberg
"Address    Somerton Hotel
"Registered Owner    San Francisco, Calif.
"License No. 2003929    Engine No. 4989487
"Title No.    Type    Coach
"Make    Chevrolet    Fee."

The contract referred to by appellee was introduced in evidence. It was agreed, however, that this contract had never been placed of record in Hunt county.

The appellant proved how the collision occurred, the damages to his car, the institution of the suit, recovery of the judgment, the issuance of the writ of attachment, etc. He testified, among other things, as follows: "I was on my way to Dallas from Greenville, and about two miles from Greenville in Hunt County I had a collision with a Chevrolet coach being driven by J. Steinberg. He was driving the car at the time and there was no one in the car with him. I was traveling in an industrial truck and there were two men with me. The two men with me were J. J. Brown and J. J. McGowan. As soon as the car which was driven by J. Steinberg collided with my truck, we got out and went over to to the car where he was, I asked him his name and he told me Jack Steinberg. He told me that the car he was driving belonged to him and showed me a pink slip of paper similar to the one introduced in evidence by the defendant. The slip of paper stated that Jack Steinberg was owner of the car and that Lloyd K. Hillman was insurer of it. It also stated that Lloyd K. Hillman had insured the car, and Jack Steinberg told me that the car was insured and gave me the address of Lloyd K. Hillman in Los Angeles, California. I wrote the license number of the car and the name and address of Lloyd K. Hillman on a piece of paper and came on to Greenville. At the time I made the affidavit for attachment I had no notice of any claim of any one else to the automobile in controversy. In fact, I had no notice of any claim of the defendant until the defendant filed his claimant's oath and bond in this case. Jack Steinberg at the time of the collision stated that he had bought the car and was going in it from California to New York as he could make the trip cheaper in the car than traveling by train. He told me that he lived in California."

McGowan, who was present at the time, testified: "While we were talking to Jack Steinberg, I was standing in front of him and J. A. Weaver (appellant) was standing at his side, and I saw them looking at something Jack Steinberg was holding in his hand. It was a piece of paper, but I do not know whether it was green or pink or what color it was. Weaver asked Jack Steinberg who owned the car, and he stated that it was his and took something out of his pocket and held it in his hand and Weaver looked at it. I saw Weaver write something on a paper after looking at the paper Jack Steinberg held in his hand."

The controlling question in a controversy of this character is: Was the property subject to the writ at the time the writ was executed? Upon that issue the statute determines who shall have the burden of proof. Article 7416 of the Revised Civil Statutes of 1925 provides: "If the property was taken from the possession of the claimant the burden of proof shall

be on the plaintiff. If it was taken from the possession of the defendant in such writ, or any other person than the claimant, the burden of proof shall be on the claimant." The proof in this case shows that when the automobile was levied on it was in the possession of the defendant Jack Steinberg, and that he was claiming it as his own. It therefore devolved upon the appellee, as the claimant, to prove by a preponderance of the evidence that the automobile was not subject to the writ and that he was entitled to its possession. The only proof offered in support of that claim was the sales contract made by appellee with Samuel D. Steinberg in California on November 14, 1928. That contract is in effect a conditional sale, which under our statute is merely a chattel mortgage. Article 5499, Rev. Civ. St. 1925. It was agreed in the progress of the trial that this instrument was never filed for registration in Hunt county, where the writ was issued and the suit was instituted. It is apparently conceded that it was not filed for registration in any county in this state. While such filing for registration of conditional sales contracts may not be required by the laws of California in order to defeat the claims of creditors and subsequent purchasers without notice, it is required by the laws of this state. It has been definitely decided that while the laws of the state where the contract is made will be considered in the interpretation of contracts, the laws of this state will be applied in determining the rights of creditors and subsequent purchasers whose claims originate in this jurisdiction. Farmer v. Evans, 111 Tex. 283, 233 S. W. 101; Willys-Overland v. Chapman (Tex. Civ. App.) 206 S. W. 978. Under that rule this unregistered chattel mortgage was absolutely void as to creditors of Jack Steinberg. Article 5490, Rev. St. 1925. That the appellant was a creditor of Jack Steinberg before the appellee's claim was filed can hardly be disputed. He had sued Jack Steinberg for debt and caused a writ of attachment to be issued and levied upon the automobile. He later, and before any claim was filed, procured a judgment on which an order of sale had been issued. That was sufficient to constitute the appellant a creditor within the meaning of the statute above referred to. Stewart & A. Lumber Co. v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 144 S. W. 343;

Overstreet v. Manning, 67 Tex. 657, 4 S. W. 248; Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872.

The next question then is: Was Jack Steinberg the owner of this automobile at the time it was levied on? If he was, then this unregistered sales contract made in the state of California was void as to him and was not admissible in evidence in this suit. That he was not the owner was an essential fact which the appellee had the burden of proving. In this proceeding that proof was required in order to show that the property was not subject to the writ. It cannot be said that the appellee made out a prima facie case by merely proving that the car had on a prior date been sold to Samuel D. Steinberg. It was necessary for him to go further and prove that the car was at that time the property of Samuel D. Steinberg or some party other than Jack Steinberg. The proof shows without dispute that Jack Steinberg claimed the ownership of the car. He had either acquired Samuel D. Steinberg's interest in some lawful manner, or had obtained possession in an unlawful manner. He either acquired the car by gift or purchase, or he obtained possession by theft. It will not be presumed that his possession was due to some unlawful act or crime, when it may as easily be attributed to a lawful purchase.

It is true the appellee testified that Jack Steinberg was not the owner of the car at the time it was levied on, but it is too plain to be ignored that this was the statement of a legal conclusion based upon his construction of the sales contract in which appellee as the seller retained the legal title to the car. He nowhere testified that Samuel D. Steinberg had never parted with his interest in the car, or that Samuel D. Steinberg, or any other person except himself, claimed any interest in the car. Both in his pleadings and his testimony the appellee makes it plain that he claims to be the legal owner under the laws of the state of California by reason of the retention of the legal title when he sold the car to Samuel D. Steinberg. In my judgment he failed to discharge the burden placed upon him by statute, that is, to prove that the car was not subject to the writ, and that he was entitled to the possession as against the officer having it in charge. I think the case should be reversed and remanded.