## GENERAL MOTORS ACCEPTANCE CORPORATION v. FOWLER.

No. 2506.

Court of Civil Appeals of Texas. El Paso.
March 12, 1931.

Jones, Goldstein, Hardie & Grambling, of El Paso, for plaintiff in error.

Lea, McGrady, Thomason & Edwards, of El Paso, for defendant in error.

HIGGINS, J.

The Smith Motor Company sold and delivered in the state of Pennsylvania to H. R. Thayer an Oldsmobile coach. Thayer executed a conditional sales contract to secure payment of a balance due upon the purchase price of the car. This contract under the law of Texas is regarded as a chattel mortgage. Article 5489, R. S. It was duly recorded in Pennsylvania, but not in Texas.

The Smith Motor Company assigned the contract to plaintiff in error. Thayer removed the car to Texas without the knowledge of plaintiff in error, and sold the car to the defendant in error, Fowler.

This suit was brought by plaintiff in error against Fowler to foreclose the mortgage. Fowler pleaded that he was a bona fide purchaser for value.

Upon trial without a jury foreclosure was denied.

Under the authority of Farmer v. Evans, 111 Tex. 283, 233 S. W. 101, the record of the mortgage in Pennsylvania was insufficient to charge Fowler with notice thereof. Plaintiff in error makes no point in this respect.

The car in question was purchased by Fowler from Thayer for $250 cash, and without actual notice of the mortgage. At that time the car had been driven about 12,000 miles and needed some repairs to place it in first-class condition. At that time the car was of the reasonable market value of $600. Fowler was a used car dealer in El Paso, Tex.

At the time Fowler purchased the car, Thayer exhibited a motor vehicle dealer's registration card issued by the Pennsylvania department of highway to "Smith Motor Co. 70 W. Maiden St. Washington Wash. Co. Pa."

On the reverse side of such license card was the following in pencil: "No. 17066 Permission granted use to H. R. Thayer Salesman for Smith Motor Co." Thayer represented to Fowler that he desired to raise some money immediately to pay debts he owed in East Texas. Upon the trial it was agreed that Fowler "purchased from Thayer for value, and without any notice of the plaintiff's chattel mortgage lien, and in good faith, unless, as a matter of law, the failure of the defendant, Fowler, to make an independent investigation under the facts and circumstances of this sale, was sufficient in itself to keep him from being a bona fide purchaser of said automobile."

In determining the sufficiency of the evidence to put a party upon inquiry and charge him with constructive notice, each case depends upon its own circumstances. Howard v. Kopperl, 74 Tex. 494, 5 S. W. 627. The question ordinarily is one of fact for the determination of the jury under appropriate instructions. Hines v. Perry, 25 Tex. 443; Howard v. Kopperl, supra; Klein v. Dallas, 71 Tex. 280, 8 S. W. 90; College Park, etc., v. Ide & Son, 15 Tex. Civ. App. 273, 40 S. W. 64.

Circumstances, which may merely arouse suspicion in the mind of a reasonably prudent person are generally regarded as insufficient to charge notice. 46 C. J. 548; Wethered's Adm'r v. Boon, 17 Tex. 143.

We are of the opinion the facts and circumstances surrounding the sale by Thayer to Fowler were insufficient to relieve the question of notice of its character as one of fact and insufficient to charge Fowler, as a matter of law, with constructive notice of plaintiff in error's mortgage. Thayer was in fact the owner of the car and the explanation given by him to Fowler of his reason for selling was reasonable. The fact that Thayer exhibited to Fowler and surrendered the registration card was calculated to disarm Fowler of doubt as to his right to dispose of the car. For the reasons stated, the finding of the trial court upon the issue of notice is sustained. No other question is presented.

Affirmed.