## COLLINS v. McFARLAND et al.

### No. 3999.

Court of Civil Appeals of Texas. Amarillo.
April 12, 1933.

Rehearing Denied May 17, 1933.

E. O. Northcutt, of Amarillo, for appellant.
James O. Cade, of Amarillo, for appellees.

MARTIN, Justice.

We are called upon to decide only the question of priority between a landlord's and a chattel mortgage lien.

The trial court concluded that the chattel mortgage lien was prior to the landlord's lien and entered judgment accordingly. His findings of fact are not criticized on this appeal. They were, in substance, that appellant executed a lease contract on a building in Amarillo, with mortgagors Dunias and Anagnos, on the 6th day of October, 1931, the lease term to begin November 1st thereafter and to run five years; that said building was to be used in the operation of a café; that certain furniture, fixtures, and equipment belonging to mortgagors were then located at Maude, Okl.; that there was an indebtedness due and owing on these at the time secured by a chattel mortgage lien on same; that such indebtedness was renewed and new notes and the chattel mortgage in question executed on the 7th or 8th day of October, 1931; that all of said furniture, fixtures, and equipment were shipped from Maude, Okl., to Amarillo, and placed in appellant's building on the morning of October 9, 1931, and the chattel mortgage of appellee was filed at 1 o'clock p. m. October 9, 1931. The court made a specific finding that such mortgage

was "forthwith" filed. Appellant asked for judgment for balance of $735, alleged to be due as rent for current contract year of 1931, and for foreclosure of his landlord's lien and to have same declared superior to appellee's chattel mortgage lien.

By the terms of article 5222, R. S., a landlord's preference lien is given upon all property of the tenant upon such premises for any rent that may become due, etc.

Article 5490, R. S., is, in part, as follows: "Every chattel mortgage * * * intended to operate as a mortgage, or lien upon personal property, and every transfer thereof which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged * * * shall be absolutely void as against the creditors of the mortgagor * * * unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated."

■ While under the statute the landlord's lien is declared to be a "preference lien" upon certain personal property of the tenant, it does not have the effect of making such lien superior to a chattel mortgage. 9 Tex. Jur. page 157. The priority of right between two such lienholders will be determined by the rule of "first in time, first in law." This general statement, however, is qualified by the terms of article 5490, quoted above, which requires that a chattel mortgage to be valid against creditors must be "forthwith filed." The holder of a landlord's lien is a creditor. Berkey & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S. W. 807. The term "forthwith filed" has been frequently defined. Cameron Ice Co. v. Wallace, 21 Tex. Civ. App. 141, 50 S. W. 628; Western Automatic Music Company v. Fisher (Tex. Civ. App.) 185 S. W. 675; Freiberg v. Brunswick-Balke-Collender Co. (Tex. App.) 16 S. W. 784. Under the settled judicial interpretation of this phrase we think the trial court correctly held that appellee complied with the law and had a prior lien. Appellee's chattel mortgage, being first in time, will be given precedence over a landlord's lien subsequently accruing. Oakes v. Freeman (Tex. Civ. App.) 204 S. W. 360; League v. Sanger, 25 Tex. Civ. App. 347, 60 S. W. 898; H. R. E. B. & B. Ass'n v. Cochran, 60 Tex. 620; 9 Tex. Jur. 157. Apparently the contention of appellant is that appellee's chattel mortgage had to be actually filed prior to the time that the property went into the building. The statute only requires that it be "forthwith filed" to make it valid, that is, as soon "as it reasonably can be." Authorities, supra. If it was so filed, the inception of the lien is from its execution and not from the date of its registration.

We have neither decided nor considered whether or not a landlord's lien actually attached to the property before the beginning of the rental term. Our disposition of the case makes it unnecessary.

Affirmed.

### On Motion for Rehearing.

In a motion for rehearing appellant makes the claim for the first time that the record in this case shows that he had a contract or chattel mortgage lien antedating that of appellee's and therefore superior.

■ We cannot consider a point not supported by any proposition or assignment of error in the brief. The effect of the findings of the trial court, however, seem to be against appellant on the point attempted to be urged.

Motion overruled.