### BILLINGSLEY v. MOSSLER ACCEPTANCE CO.

No. 3734.

Court of Civil Appeals of Texas. El Paso.

July 7, 1938.

Rehearing Denied Aug. 12, 1938.

Saunders & Smith, of Tyler, for plaintiff in error.

Walter B. Branan, of Dallas, for defendant in error.

NEALON, Chief Justice.

Defendant in error has filed and urged a motion to affirm on certificate and to dismiss this writ of error. No certificate has been filed. The following facts are gleaned from the motion and briefs: Judgment was rendered in favor of Mossler Acceptance Company and against J. B. Billingsley in the County Court at Law No. 2, Dallas County, July 21, 1937. Billingsley gave notice of appeal. Appeal bond was filed and approved August 6, 1937. Transcript was filed with the Dallas Court of Civil Appeals August 31, 1937. Billingsley failed to file a statement of facts within the time allowed by law. October 13, 1937, his motion for permission to file a statement of facts was overruled. He filed his petition for writ of error, together with bond, and the bond was approved November 12, 1937. Service of citation in writ of error proceeding was had on Mossler Acceptance Company November 15, 1937. December 2, 1937, the transcript and statement of facts in the writ of error proceeding were filed with the lower court and with the Dallas Court of Civil Appeals. Thereafter the writ of error proceeding was transferred to this Court. On motion of Billingsley, his appeal was dismissed November 13, 1937. It is nowhere alleged that transcript was not filed timely in either proceeding.

As said by Judge Hickman (speaking for the Eastland Court) in Hawkeye Securities Ins. Co. v. Cashion, Tex.Civ. App., 293 S.W. 664, 665: "The only ground provided by the statute (article 1841, R.S. 1925) for affirmance on certificate is the failure to file a transcript of record as directed by law. The right of affirmance

on certificate is both created and measured by this article."

In the cases cited by defendant in error judgments were affirmed on certificate on account of failure to file transcripts within the statutory period. Failure to thus file the statement of facts does not oust the jurisdiction of the Court of Civil Appeals to hear the appeal.

The motion is overruled.

### On the Merits.

Mossler Acceptance Company, a corporation, sued Lloyd E. Malone and J. B. Billingsley seeking to recover upon a note executed by Malone, secured by a chattel mortgage upon a Ford sedan. Billingsley, who claimed to be an innocent purchaser for value without notice of the mortgage, was joined as a party defendant because at the time suit was brought the car was in his possession. No service was had upon Malone. The Court appointed a receiver to take charge of the automobile, and upon the trial rendered judgment foreclosing the mortgage and holding that plaintiff's liens were superior to the claim of Billingsley.

At the request of defendant the court filed findings of fact and conclusions of law. The court found as facts that L. E. Malone purchased the car in question from Mohr Chevrolet Company of Dallas, and in part payment therefor executed a note in the sum of $364.56, payable to Mohr Chevrolet Company, the note being dated January 16, 1937; that on the date of the note Malone executed and delivered to the Mohr Chevrolet Company a chattel mortgage creating a lien against the car, which chattel mortgage was the identical one declared upon in this suit, and that on that same day the Mohr Chevrolet Company transferred, assigned and delivered the note and mortgage to plaintiff (appellee herein); that Billingsley, in acquiring possession of the automobile, did not act in good faith and is not a subsequent purchaser in good faith; that he did not pay value and that he had notice of the existence of said debt and lien. From the judgment rendered in conformity to these findings Billingsley prosecutes this appeal.

It appears from the uncontradicted evidence that Malone, at the time he purchased the car, resided in Van Zandt County. The mortgage was deposited with and filed in the office of the County Clerk of Dallas County on January 29, 1937; was filed in the office of the County Clerk of Van Zandt County on January 30, 1937, and in the office of the County Clerk of Smith County April 28, 1937. On January 19, 1937, Malone visited the City of Tyler, Smith County, and traded the car to Phillip W. Lea, who was engaged in the business of buying and selling "used" cars in the City of Tyler. Lea testified that Malone came to his place of business upon the morning of either the 19th or 20th of January, 1937; that by the first agreement between himself and Malone the latter was to exchange the car in controversy for a Ford car that Lea owned and was to pay Lea $50 in addition. However, Malone was unable to make arrangements to pay the difference in value, and finally Lea gave Malone a 1934 Chevrolet coach and $20 in cash for the car in controversy. Lea sold the car in controversy to Billingsley on the 27th day of January, 1937. Billingsley testified that in the trade he turned into Lea a 1931 Model-A Ford coupe and paid in addition thereto the sum of $265. The price Lea asked for the car in controversy was $365. Billingsley testified that Hooker Horn, a Chevrolet dealer at Tyler, had offered him $300 "as a trade-in" for the 1931-Model Ford coupe that he delivered to Lea. After getting the car in controversy Billingsley put new tires on it, relined the brakes and got a new battery. He testified that he gave a mortgage for the tires and took care of the payments as they became due, and that he gave a further mortgage to the Texas Finance Company for $168 and paid the installments thereon as they came due except that he was behind $8 upon this debt. Apparently the cash payment of $265 was accomplished by the delivery of a check which Billingsley had received from Lea in exchange for what Lea styled a vendor's lien note. It is not made to appear clearly whether or not the note was negotiable.

The vice-president of plaintiff testified that the car in controversy could have been sold to a "used" car merchant for from $300 to $325. He considered the retail market value to be $425. Defendant testified that he thought the car was worth $400.

Lea testified further that at the time he acquired the car he inquired of Malone as to his place of residence and received the reply that he lived in Canton, which

is in Van Zandt County; that Malone told him that he had purchased the car from an individual; that he telephoned the county clerk at Canton to learn if there were any chattel mortgages against the car filed in that office, and was informed that there were none. As stated, the chattel mortgage declared on was not filed there until some ten days later. Billingsley testified that when he acquired the car from Lea, Lea told him that he had bought it from a man or boy at Canton and delivered to him his own bill of sale as well as the one he received from Malone.

## Opinion.

 The vital issues that the court determined adversely to appellant were mainly two: Notice and good faith. Our inquiry is directed to the evidence introduced to determine if these findings were justified. As shown in our preliminary statement, fourteen days elapsed between the execution of the mortgage and its filing in Van Zandt County, which the undisputed evidence shows was the residence of Malone, the purchaser at the time the chattel mortgage was executed. The burden of proof was upon plaintiff to show that its lien was filed forthwith, by which is meant "as soon after its execution as it could have been by the exercise of reasonable exertion." Freiberg v. Brunswick-Balke-Collender Co., Tex.App., 16 S. W. 784, 785. As to the filing of the lien forthwith plaintiff failed to carry its burden. Vernon's Ann.Civ.St. art. 5490.

 Was defendant Billingsley·a purchaser in good faith and without notice? It is said in Oak Cliff College v. Armstrong, Tex.Civ.App., 50 S.W. 610, citing Bowen v. Wagon Works, 91 Tex. 385, 43 S.W. 872, 875, that good faith must be shown in order to give a subsequent purchaser priority over an unregistered mortgage, and that good faith can only be shown by proof of payment of a valuable consideration and want of notice of the prior unregistered mortgage. Billingsley testified absolutely to his lack of knowledge of the existence of the prior mortgage. He purchased from a dealer regularly engaged in his home town in the business of buying and selling "used" cars and relied upon the dealer's assurances. The dealer corroborated him in these particulars. The dealer had inquired over the telephone and learned that there was no mortgage on file in Van Zandt County, his home county.

He delivered to Billingsley the car and received from him a valuable consideration, to-wit, a Ford coupe, the value of which is not found, but for which Billingsley testified he had received a $300 "trade-in" offer and a check for $265 or a note. The date of the offer for the coupe was not shown. There is nothing to indicate that Billingsley had notice of the mortgage. All the circumstances bear out his statement that he had no such notice. There was nothing inconsistent with good faith· in relying upon the word of one engaged in the business and who was apparently reliable. The evidence that as part payment he delivered to. Lea the coupe described and other considerations amounting to $265 is undisputed. However, the exact nature of this consideration is left somewhat in doubt by the record. He described it as a check which had been given him by· Lea, and Lea testified as though he had received from Billingsley a vendor's lien note. A negotiable note is deemed equivalent to payment of consideration. Tillman v. Heller, 78 Tex. 597, 14 S.W. 700, 11 L.R.A. 628, 22 Am.St.Rep. 77. With respect to the giving of negotiable notes as being equivalent to the payment of cash, see Tillman v. Heller, supra, and Taylor v. Tillotson, Tex.Civ.App., 272 S. W. 323. The circumstances detailed in evidence placed upon Lea the. duty of investigating the records of Van Zandt County. He testified that he did this by inquiring of the clerk. This testimony is undisputed. The undisputed testimony shows that such an examination did not and could not disclose the existence of the mortgage.

 Most of the testimony upon which plaintiff relied seemed to treat of the conduct of Lea subsequent to acquiring the Ford, in that he bought the Chevrolet back from the local Chevrolet dealer on the same day that he transferred it to Malone. It does not appear that Billingsley knew of this transaction. Stress is laid upon testimony of a Mr. Russo as to certain expressions that Mr. Billingsley used when told of the mortgage and when he and Russo called upon Lea in the course. of the investigation. The expressions testified to by Russo do not indicate that Billingsley bought with notice of the mortgage. If there were any circumstances to make· Billingsley suspicious before purchase they do not appear in evidence, and it has been said by this Court: "Circum-

stances which may merely arouse suspicion in the mind of a reasonably prudent person are generally regarded as insufficient. to charge notice." General Motors Acceptance Corp. v. Fowler, 36 S.W.2d 589, 590. Whether Billingsley could protect himself from the obligations incurred prior to learning of the mortgage or not is not made to appear by the evidence, but it does appear with reasonable certainty that he transferred a very substantial part of the consideration, if not all of it, to his vendor before acquiring this knowledge. We think the judgment was clearly erroneous as being opposed to the overwhelming weight of the evidence.

Judgment is reversed and the cause is remanded.